IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| CONNIE B. MEANS,<br><br>    Plaintiff,<br><br>v.<br><br>NORTHEAST ALABAMA PROPERTIES,<br>INC., d/b/a DAD'S BAR-B-QUE,<br>INC., et al.,<br><br>    Defendants. | CIVIL ACTION NO.<br>03-AR-0188-M |

## MEMORANDUM OPINION

Before the court is "Plaintiff's Motion to File Corrected Memorandum in Support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment and Corrected Evidentiary Submission" (Doc. 39). Also before the court is defendants' "Motion to Strike All or Part of Plaintiff's Evidentiary Submission Filed in Opposition to Defendants' Motion for Summary Judgment." Doc. 41.

### Analysis

*Plaintiff's Motion*

In her response to defendants' motion for summary judgment, plaintiff filed a memorandum brief and evidentiary submission in a timely manner. However, plaintiff later realized that her evidentiary submission was incomplete, and that her memorandum contained some minor errors. She inadvertently forgot to include some of the exhibits referred to. The table of contents says that

there are nineteen exhibits, but only fifteen were actually filed. Plaintiff simply forgot to insert four of her exhibits into the evidentiary submission binder. Plaintiff also inadvertently left out some citations in the memorandum, and the memorandum contained some spelling and punctuation errors.

Plaintiff now seeks to remedy these mistakes by asking for leave to file the four omitted exhibits, and by submitting a corrected memorandum. Defendants oppose the motion arguing that it is untimely. Defendants reason that the time for filing a response to the Rule 56 motion, as set out in the submission order, has already passed.

Plaintiff's motion will be granted. The errors are completely inadvertent. Plaintiff filed the corrective motion on the next business day after discovery of the mistakes. Defendants will suffer no prejudice by the granting of the motion. The court previously extended the reply deadline to three weeks after the court rules on the instant motion. This extension will give defendants plenty of time to respond to the inadvertently omitted exhibits and to the corrected memorandum. The exhibits should come as no surprise to the defendants. Two of the exhibits are doctor's records that defendants filed with their motion for summary judgment. Another exhibit is defendants' amended answer to the complaint. The only other exhibit at issue is a tape of a recorded conversation, the transcript of which was timely filed. Plaintiff

has explained all the changes made in the memorandum. The changes are minor.

### *Defendants' Motion*

Defendants' motion to strike raises a number of objections to plaintiff's evidentiary submission. First, defendants say that the evidentiary submission was filed 26 minutes late and should be completely stricken as untimely. Plaintiff timely filed her evidentiary submissions at 4:30 p.m. on the day it was due. Then, plaintiff, realizing that the evidentiary submission was incomplete, attempted to file a complete copy of the submission at 4:56 p.m. on the same day. Plaintiff then realized that the second filing was even more confusing than the first, so plaintiff filed the motion to file a corrected memo and a corrected evidentiary submission on the next business day. There is no justification for striking the entire evidentiary submission, because the majority of it (15 of 19 exhibits) was filed on time. Because the motion for leave to file the corrected memorandum and evidentiary submission will be granted, the additional exhibits filed cannot be stricken from the record.

Second, defendants argue that the five declarations, declared under the penalty of perjury, submitted by plaintiff should be stricken because Rule 56 only allows for "affidavits" to be submitted. The declarations were prepared by plaintiff and four former employees of defendants. Plaintiff correctly points out

3

that statements declared under the penalty of perjury have the same force and effect as "affidavits." *See* 28 U.S.C. § 1746. Defendants also move to strike portions of the declarations because they contain inadmissible hearsay and conclusory statements, but decline to "elaborate on these deficiencies based on the untimeliness of the filings...." Because defendants cite no specific objectionable provisions of the declarations, the court need not consider this argument.

Third, defendants object to two exhibits on the ground that the exhibits are uncertified medical records. Defendants submitted the same records with their evidentiary submission in support of their Rule 56 motion, and had the records certified. "[O]nce evidence has been authenticated by one party, it has been authenticated with regard to all parties." 5 Jack B. Weinstein, et al., Weinstein's Federal Evidence § 901.02[3] (2d ed. 2004). The motion to strike will be denied with respect to the medical records.

Fourth, defendants object to a diary entry submitted by plaintiff, because the diary notes are not verified. Plaintiff has already testified under oath in her deposition that she wrote the entry at issue. Thus, it has been verified. *See* F.R.Evid. 901(b)(1).

Fifth, defendants move to strike a taped conversation and a transcript of the taped conversation. Defendants argue that the

tape is a duplicate and therefore is not the best evidence. Such an argument would only be relevant if there is a genuine dispute as to the authenticity of the recorded conversation. *See* F.R.Evid. 1003. Defendants have raised no such argument. Defendants also argue that the conversation between plaintiff and a defendant who did not know he was being recorded was not under oath. But that is not a requirement for admissibility. Defendants also argue that the taped conversation is hearsay. The conversation took place between plaintiff and a party opponent. Statements by a party opponent are specifically excluded from the definition of hearsay. F.R.Evid. 801(d)(2). Finally, defendants argue that the taped conversation is irrelevant. A reading of the conversation reveals that it meets the lenient language of Rule 401, F.R.Evid.

### Conclusion

By separate order, plaintiff's motion will be granted and defendants' motion will be denied.

Done this ____1st____ day of ~~March~~ April, 2004.

                                               _____
                                               WILLIAM M. ACKER, JR.
                                               UNITED STATES DISTRICT JUDGE